Bradley, J.
The plaintiff has for some years been the owner of about five acres of land in Olean, bounded on the south by Irving street. The defendant Feuschter owned land south of the plaintiff’s, and the wife of the defendant Mallory owned lands further south. In 1853, or 1854, a ditch was made through all these lands in a southerly direction to the Allegany river, which operated to drain the lands. _ At_ the time the ditch was made, all the lands through which it ran to the river were owned by the parties who caused it to be made. They afterwards conveyed the lands in parcels, with the ditch then remaining there, operative as a means of drainage of these lands, which were somewhat wet and marshy, and especially so was that in question.
And the parties derived their title and right to the possession of the-lands occupied by them respectively, through several mesne conveyances, from the owner, before referred to, of the premises through which the ditch was made.
There is evidence tending to prove that the ditch remained effectual to drain to considerable extent the lands of the plaintiff, until in or about the year 1880, when it was obstructed south of her premises and upon the lands of Feuschter and Mrs. Mallory, by so plowing and cultivating the land where it was located as to partially fill it up with earth; that it was done by and under the direction of the defendants, and that the plaintiff was by them denied the privilege of going on to the premises to open the ditch.
Whether the drainage of the land in question was within the purpose of the original construction and maintenance of the ditch, was a question of fact which was submitted to the jury, and the evidence was sufficient to support their conclusion in that respect.
And in view of the fact that there was evidence to the effect that another party placed some obstruction to the flow of water in the channel at the south side of Irving street, the question as to the extent of the obstruction, and *222 causing the water to remain on the plaintiff’s premises, and of the injury, if any, resulting to her therefrom, were occasioned by the defendants, was also properly submitted to the jury.
In view of these facts, which the jury were permitted to find, and which we must assume they did find, this ditch was in operation as a provision for the drainage of these lands at the time of the conveyances from the common source of title before mentioned, and of the several mesne conveyances to the parties who had the title to the several parcels at the time in question, and was apparently a maintained channel for the drainage of the land owned by the plaintiff.
The fact that this land was sold and conveyed by the common owner prior to the time of the sale and conveyance of the other lands, through which this ditch extended to the river, rendered it the dominant estate, and those other lands servient to the purposes of such channel. The purchasers of the several parcels from the common owner, and from those who made the mesne conveyances, may be deemed to have been made with a view to the easement, and the burdens which this artificial channel to carry off the surface water produced. And therefore the party owning the dominant estate had the right to have preseved and maintained this means of drainage of her lands. Lampman v. Milks, 21 N. Y., 505; Curtiss v. Ayrault, 47 id., 73; Outerbridge v. Phelps, 13 J. & S., 555.
This may not have imposed upon the owners and occupants of the servient tenement, any legal duty to keep the ditch open and in suitable condition to properly carry off the water, but the easement carried with it the privilege of the party beneficially interested in its maintenance to go upon the premises for the purpose of making the repair necessary to the perservation of, its usefulness. And such owners had no right to materially impair it in the cultivation of the lands through which the channel was constructed.
This ditch had been there for thirty years at the time of the commencement of this action. And so far as appears had been kept open and in operation as a channel, and the means of drainage of this land without interruption for upwards of twenty-five years. The jury have found all the facts requisite to the support of the easement, and to charge the defendants with liability for improper interference with, and impairment of its use. And the amount of damages given by the verdict has the support of the evidence.
The plaintiff’s title to the premises in question is not disputed by the pleadings or evidence. Ana the fact that she *223 and those preceding her in ownership, back to the common source of title to these lands, had taken title to this land is presumptive evidence at least, that they also took as appurtenant to it this easement, and no question was raised to the contrary on the trial by evidence or otherwise so far as respects the terms of the deeds by which the conveyances were made. The evidence of title was furnished by admissions, and the deeds were not produced in evidence on the trial.
It is, therefore, unnecessary to consider the effect of an omission in a deed of conveyance of the term of appurtenances. Parsons v. Johnson, 68 N. Y., 66.
There seems to be no other other question requiring the expression of consideration.
The judgment and order should be affirmed.
Smith, P. J., and Haight, J., concur.